IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs, | : | Case No. 2:07-cv-241 |
| Plaintiffs, | : | JUDGE SARGUS |
| v. | : | MAGISTRATE JUDGE KEMP |
| D&D Foundation Supply, Inc. | : | |
| Defendant. | : | |

## OPINION AND ORDER

On March 21, 2007, plaintiffs, the Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs ("Boards of Trustees"), an association of three employee benefit trust funds and one labor management cooperative trust, filed an action against defendant D&D Foundation Supply, Inc. ("D&D") to recover unpaid and late fringe benefit contributions, liquidated damages, costs, and interest. See 29 U.S.C. § 1132(g)(2). Service of the complaint was made on April 19, 2007. D&D filed an answer which is signed by its president, but because a corporation may appear in an action only through an attorney, that answer will be disregarded. On May 14, the Boards of Trustees filed a motion for summary judgment. Despite the passage of the time allowed by Local Civil Rule 7.2(a) for the filing of a response, D&D has not responded. For the following reasons, the Boards of Trustees' motion for summary judgment will be granted.

I.

Fed. R. Civ. P. 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original); Kendall v. The Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is,...[and where] no genuine issue remains for trial,...[for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 467 (1962); accord, County of Oakland v. City of Berkley, 742 F.2d 289, 297 (6th Cir. 1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson, 477 U.S. at 250.

> The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 745, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence

submitted] must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970) (footnote omitted); accord, Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir. 1984), cert. denied, 469 U.S. 1062 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Watkins v. Northwestern Ohio Tractor Pullers Association, Inc., 630 F.2d 1155, 1158 (6th Cir. 1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes, 398 U.S. at 157-60; Smith v. Hudson, 600 F.2d 60, 65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 251. As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 259 (1968) (footnote omitted).

II.

The following statement of facts is taken from the complaint and motion for summary judgment. This action was brought by the Boards of Trustees, an association of three employee

3

benefit trust funds including the Ohio Laborers' District Council - Ohio Contractors' Association Insurance Fund, Laborers' District Council and Contractor's Pension Fund, Ohio Laborers' Training and Upgrading Trust Fund, and one labor management cooperative trust known as Ohio Laborers' District Council - Ohio Contractors Association Cooperation and Education Trust. These funds are obligated to collect contributions for the LIUNA Tri-Funds.

  D&D is an employer within the meaning of Employee Retirement Income Security Act, 29 U.S.C. § 1002(5). D&D entered into collective bargaining agreements with local unions affiliated with the Laborers' District Council of Ohio, AFL-CIO. Deborah D. Dewey, the president of D&D who signed the project agreement, agreed that all the terms and conditions of the Heavy-Highway Laborers' Agreement would apply to all work done and all employees employed by D&D at the Claryville Water Tower Project. (See motion for summary judgment, Exh. A).

  As a result of the collective bargaining agreements executed by Ms. Dewey on behalf of D&D, D&D was bound to the Agreements and Declarations of Trust establishing the Ohio Laborers' Fringe Benefit Programs and the LIUNA Tri-Funds. The Agreements and Declarations of Trust obligate D&D to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the Ohio Laborers' Fringe Benefit Programs on behalf of all persons employed by D&D within the trade and territorial jurisdiction of a "laborer" as defined in the collective bargaining agreements.

  D&D breached the Agreements and Declarations of Trust by failing to make monthly contributions to the Boards of Trustees from August to November, 2006. (Affidavit of Matthew W. Archer, Exh. A to the motion for summary judgment ¶ 12). D&D did make some partial late payments of these amounts, but the unpaid contributions still total $4,982.20. Id., ¶¶ 13-14. Interest and liquidated damages on the late or unpaid contributions come to $914.70. Id., ¶ 17. Plaintiffs incurred $1,560.00 in attorneys' fees in filing this action and moving for summary judgment. It is on the basis of these facts that the motion for summary judgment will be decided.

4

III.

Viewing the facts in a light most favorable to D&D, which in this instance are the same facts submitted by the Boards of Trustee because the motion is unopposed, the Court concludes that D&D is a corporation doing business within the jurisdiction of the collective bargaining agreements and that it was contractually obligated to submit timely contribution reports and make timely fringe benefit contributions. The record also indicates that D&D owes $5,896.90 for all unpaid or late fringe benefits, liquidated damages, and interest through November 2006. (See Boards of Trustees' motion for summary judgement, Exh. C). This figure includes $4,982.20 in past due fringe benefit contributions, $719.73 in liquidated damages, and $194.97 in interest on unpaid contributions. (See id.); see also 29 U.S.C. § 1132(g)(2). Further, according to the record, the Boards of Trustees' attorney, Steven L. Ball, invested 8.00 hours in this matter at a rate of $195.00 per hour, which totals $1560.00. (See Boards of Trustees' motion for summary judgment, Exh. E).

Based on the above, the Court awards $5,896.90 for past due fringe benefit contributions, liquidated damages, interest on contributions, and late and unpaid contributions. The Court concludes that the attorney fees are reasonable and awards the requested $1,560.00. Judgment will be entered against D&D in the amount of $7,456.90.

IV.

Based on the foregoing, the Boards of Trustees' motion for summary judgment (file doc. #7) is GRANTED. The Clerk shall enter judgment against defendant D&D Foundation Supply, Inc. in the amount of $7,456.90.

Date: 6-25-2007

Edmund A. Sargus, Jr.
United States District Judge