IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Board of Trustees of the Ohio
Laborers' Fringe Benefit Programs,

    Plaintiffs,

v.

D&D Foundation Supply, Inc.,

    Defendant.

Case No. C2-07-cv-241

JUDGE SARGUS

MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On June 25, 2007, the Court entered judgment in favor of the Plaintiff Board of Trustees of the Ohio Laborers' Fringe Benefit Programs ("Board of Trustees") in the amount of $7,456.90. Defendant D&D Foundation Supply ("D&D") has now moved to set aside the judgment. For the following reasons, D&D's motion will be denied.

I.

Plaintiffs filed this case seeking recovery, under 29 U.S.C. § 1132(g), of unpaid employee fringe benefit contributions. The complaint was properly served and D&D, through its president, Deborah D. Dewey, filed an answer. On May 14, 2007, Plaintiffs filed and served D&D with a motion for summary judgment. When D&D did not respond to the motion, this Court granted the motion and entered judgment against D&D in the amount of $7,456.90.

On August 21, 2007, D&D, again acting through Ms. Dewey, filed a motion to set aside the order of judgment. D&D requests that the Court set aside the judgment against it because D&D did not receive notice of the summary judgment motion. Alternately, D&D requests that

the Court reduce the amount of damages from $7,456.90 to $4,008.15.

II.

In the Opinion and Order of June 25, 2007, the Court informed D&D that only an attorney may appear for a corporation in an action in federal court. Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir. 1984)("A corporation cannot appear in federal court except through an attorney"). This includes corporate officers or shareholders attempting to appear on behalf of the corporation. Taylor Steel, Inc. v. Keeton, 417 F.3d 598, 603 (6th Cir. 2005). The Court previously disregarded D&D's answer because it was signed by Ms. Dewey and not an attorney. Despite the clear prohibition against doing so, Ms. Dewey has again attempted to litigate for D&D by signing and submitting the Motion to Set Aside Order of Judgment. For that reason alone, the Court cannot grant relief. However, the Court will also discuss, in the alternative, whether any relief would be warranted had the motion been properly filed.

III.

When a party who is seeking to alter or amend judgment does not file a Fed. R. Civ. P. Rule 59 motion within the mandatory 10-day period, "it is appropriate for a court to consider the [Rule 59] motion as a motion pursuant to Rule 60 for relief from judgment. The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion . . . ." Feathers v. Chevron USA, 141 F.3d 264, 268 (6th Cir. 1998).

The relief available under Fed. R. Civ. P. 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160

2

(6th Cir. 1980); Williams v. Arn, 654 F.Supp. 241, 246 (N.D.Ohio 1987). A party seeking relief under Rule 60(b) is required to show that its case comes within the provisions of the rule. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b).

### IV.

In the instant case, D&D is asking to have the judgment for Board of Trustees either set aside or reduced from $7,456.90 to $4,008.15. D&D has not, however, set forth any arguments nor cited to any relevant case law or other legal authority as to why its motion should be granted. The only contention that Ms. Dewey raised in the Motion to Set Aside Order of Judgment filed on behalf of D&D was that D&D did not receive notice of Board of Trustees' Motion for Summary Judgment and, consequently, did not respond.

Fed. R. Civ. P. 5 states that every order, motion and any other papers shall be served upon each of the parties. This service can be completed upon mailing a copy to the last known address of the person served. Fed. R. Civ. P. 5(b)(2)(B). The Court has in its possession a copy of the cover letter to the summary judgment motion and an affidavit of Kristin Berger stating that the motion was mailed to Ms. Dewey on May 14, 2007. (Doc. 11, Exh. A). This service by mail was

complete on mailing to Ms. Dewey. Her failure to receive the motion does not affect the validity of Plaintiff's proper mail service, and is therefore not a basis for setting aside the Court's order. See Sutton v. United States, 922 F.2d 841, No. 90-3314, 1991 WL 590, at 3 (6th Cir. Jan. 4, 1991)(unpublished table decision)(citing Dunlap v. Transamerica Occidental Ins. Co., 858 F.2d 629, 632-33 (11th Cir. 1988)). See also Greenspun v. Schlindwein, 574 F.Supp. 1038, 1039 n.1 (E.D. Pa. 1983)(noting that because service by mail is complete upon mailing plaintiff's denial that he received the government's responsive pleading is irrelevant). In any event, had she tendered a response on behalf of D&D, the Court would have disregarded it because she cannot properly file documents on D&D's behalf.

V.

Based on the foregoing opinion, D&D's Motion to Set Aside Order of Judgment (#10) is DENIED.

Date: 10-11-2007

Edmund A. Sargus, Jr.
United States District Judge

4